**UNITED STATES DEPARTMENT OF COMMERCE**
**Office of the General Counsel**
OFFICE OF THE CHIEF COUNSEL FOR IMPORT ADMINISTRATION
Washington, D.C. 20230

November 1, 2012

**FILED ELECTRONICALLY**

Tina Potuto Kimble
Clerk of the Court
U.S. Court of International Trade
One Federal Plaza
New York, New York 10278-0001

    RE:  Fine Furniture (Shanghai) Limited, et al., v. United States,
           Consol. Court No. 11-00533

Dear Ms. Kimble:

    Enclosed for filing is the United States Department of Commerce's Final Results of Redetermination Pursuant to Court Remand ("Remand") in the above-referenced action. Although the remand was due on October, 30, 2012, filing was delayed because of Hurricane Sandy and the related closure of the Federal Government and the Court of International Trade. The Department is submitting both the **PUBLIC** and **PROPRIETARY** versions of the remand redetermination.

    The **PUBLIC** remand redetermination is enclosed here and will be submitted to the Court electronically. The **PROPRIETARY** remand redetermination will be submitted separately via certified mail. The **PROPRIETARY** remand redetermination contains business proprietary information and should be kept under seal.

    Please note that Commerce will file the administrative record for the Remand, and its accompanying certification, under separate cover. If you have any questions regarding this matter, please do not hesitate to contact the undersigned at 202-482-4384.

                                          Respectfully submitted,

                                          Jonathan Zielinski
                                          Senior Attorney
                                          Office of the Chief Counsel
                                          for Import Administration

*CONTAINS BUSINESS PROPRIETARY INFORMATION*
**PUBLIC VERSION**

**FINAL RESULTS OF REDETERMINATION
PURSUANT TO REMAND**

*Fine Furniture (Shanghai) Limited, et al. (Plaintiff) and Hunchun Forest Wolf Industry Company Limited, et al. (Plaintiff-Intervenors) v. United States (Defendant) and the Coalition for American Hardwood Parity* (*Defendant-Intervenors*)
Consol. Court No. 11-00533
(Ct. Int'l Trade August 31, 2012)

## I. SUMMARY

This remand redetermination, issued in accordance with the order from the Court of International Trade ("the Court") in *Fine Furniture (Shanghai) Limited, et al. (Plaintiff) and Hunchun Forest Wolf Industry Company Limited, et al. (Plaintiff-Intervenors) v. United States (Defendant) and the Coalition for American Hardwood Parity* (*Defendant-Intervenors*), Consolidated Court No. 11-00533, August 31, 2012 ("Remand Order"), concerns the Department of Commerce's ("the Department") inclusion of Shanghai Eswell Enterprise Co., Ltd. ("Eswell Enterprise") and Elegant Living Corporation ("Elegant Living") on the list of non-cooperating companies in the final determination of the investigation on multilayered wood flooring from the People's Republic of China ("PRC"). *See Multilayered Wood Flooring From the People's Republic of China: Final Affirmative Countervailing Duty Determination*, 76 FR 64313 (October 18, 2011) ("*Wood Flooring Final*").

Pursuant to the Court's Remand Order, the Department has re-evaluated its inclusion of Eswell Enterprise and Elegant Living on the list of non-cooperating companies. As a result of the Department's redetermination, Eswell Enterprise and Elegant Living are to be removed from that list.

## II. BACKGROUND

On October 18, 2011, the Department published its final determination in the countervailing duty ("CVD") investigation on multilayered wood flooring from the PRC, in

*CONTAINS BUSINESS PROPRIETARY INFORMATION*
**PUBLIC VERSION**

which the Department applied a CVD rate based upon adverse facts available to a list of companies that the Department found not to have cooperated, which included Eswell Enterprise and Elegant Living. *See Wood Flooring Final*. Thereafter, Shanghai Eswell Timber Co., Ltd., Shanghai Lairunde Wood Co., Ltd., Shanghai New Sihe Wood Co., Ltd., Shanghai Shenlin Corp., Vicwood Industry (Suzhou) Co. Ltd., Xuzhou Shenghe Wood Co., Ltd., and A&W (Shanghai) Woods Co., Ltd. (collectively, "Eswell Timber"); and 2) Baroque Timber Industries (Zhongshan) Co., Ltd. ("Baroque Timber"), Riverside Plywood Corp., Samling Elegant Living Trading (Labuan) Ltd., Samling Global USA, Inc., Samling Riverside Co., Ltd., Suzhou Times Flooring Co., Ltd. (collectively, "Samling Group") filed a suit with the Court challenging the inclusion of Eswell Enterprise and Elegant Living in the non-cooperating companies list. On August 31, 2012, the Court remanded to the Department the issue of inclusion of Eswell Enterprise and Elegant Living on the list of non-cooperating companies. *See* Remand Order.

<u>The Inclusion of Eswell Enterprise and Elegant Living on the List of Non-Cooperating Companies</u>

On December 3, 2010, the Department issued a quantity and value questionnaire ("Q&V") to, *inter alia*, Eswell Enterprise and Elegant Living. This information was requested to assist the Department in selecting companies to respond to the CVD questionnaire. Eswell Enterprise and Elegant Living did not respond to the Q&V. Consequently, the Department placed these companies on the list of non-cooperating companies in *Multilayered Wood Flooring From the People's Republic of China: Preliminary Affirmative Countervailing Duty Determination*, 76 FR 19034 (April 6, 2011) ("*Preliminary Determination*").

Following the *Preliminary Determination*, Eswell Timber and Samling Group filed separate ministerial error allegations protesting the inclusion of Eswell Enterprise and Elegant Living, respectively, on the list of non-cooperating companies. In its allegation, Eswell Timber,

*CONTAINS BUSINESS PROPRIETARY INFORMATION*
**PUBLIC VERSION**

which had submitted a Q&V, argued that Eswell Enterprise was its parent company and did not export subject merchandise to the United States, except through Eswell Timber.  In its allegation, Samling Group argued that Elegant Living was actually an inaccurate listing of Baroque Timber, which also submitted a Q&V.  In response to the ministerial error allegations, the Department requested additional information from both Eswell Timber and Samling Group.  Eswell Timber provided information outlining Eswell Enterprise's ownership of Eswell Timber and confirmed that Eswell Enterprise was not an exporter of subject merchandise to the United States during the period of investigation ("POI").  Samling Group provided information on its structure, noting that, though no company under the name "Elegant Living" existed in the PRC, Baroque Timber occasionally uses "Elegant Living" as a trade name.

The Department determined not to remove Eswell Enterprise from the list of non-cooperating companies in the *Wood Flooring Final*, concluding that it was a separate company from Eswell Timber and, therefore, should have responded separately to the Q&V.  The Department also determined not to remove Elegant Living from the list of non-cooperating companies in the *Wood Flooring Final*, relying on evidence that separate companies within Samling Group used "Elegant Living" as part of their names.  The Department reasoned that since a company separate from Baroque Timber potentially existed, a separate response should have been filed on behalf of Elegant Living, even if it indicated "no exports."

In its opinion, the Court stated that the Department failed the substantial evidence test in making these two determinations.  For Eswell Enterprise, the Court found that the Department ignored record evidence when it requested additional information from Eswell Timber, but then determined to keep it on the list of non-cooperating companies based only upon Eswell Enterprises' failure to respond to the Q&V.  Similarly, for Elegant Living, the Court stated that

3

the Department ignored record evidence provided upon its request when it determined to keep Elegant Living on the list of non-cooperating companies. In accordance with these views, the Court remanded the Department's inclusion of Elegant Living and Eswell Enterprises for reconsideration or further explanation.

## III.     ANALYSIS

Pursuant to the Remand Order, we have re-examined all information on the record with respect to Eswell Enterprise. At page one of its June 30, 2011, response to the Department's request for information after the *Preliminary Determination*, Eswell Timber stated that Eswell Enterprise is the parent company of Eswell Timber, does not produce subject merchandise, and did not export subject merchandise from the PRC to the United States during the POI, except through Eswell Timber. Moreover, United States Customs and Border Protection ("CBP") data on the record indicate that [

]. *See* Memorandum to the File, "Release of Customs and Border Protection Entry Data to Interested Parties for Comment," (November 18, 2010) ("CBP Release Memorandum") at Attachment 1. Thus, we find that record evidence supports removing Eswell Enterprise from the list of non-cooperating companies because it is not an exporter of subject merchandise.

We likewise re-examined all information on the record with respect to Elegant Living pursuant to the Remand Order. The Court averred that the record contains evidence that Elegant Living is a misidentification of Baroque Timber, in that: 1) Baroque Timber uses "Elegant Living" as a trade name and brand; 2) Baroque Timber resides at the address listed for Elegant Living in the Petition; and 3) Elegant Living does not export subject merchandise.

4

*CONTAINS BUSINESS PROPRIETARY INFORMATION*
**PUBLIC VERSION**

The Department agrees with the Court's first point.  Samling Group's June 30, 2011, response to the Department's request for information after the *Preliminary Determination*, at page two, supports the statement that Baroque Timber uses "Elegant Living" as a trade name and brand.  Furthermore, we agree with the Court's second point, as page 8 of Exhibit I-6 of the Petition, and page two of Samling Group's Ministerial Error Allegation of March 24, 2011, demonstrate the similarities of the addresses for Elegant Living (as identified in the Petition) and Baroque Timber.  Regarding the Court's third point, the CBP Release Memorandum data on the record show that [

].  *See* CBP Release Memorandum at Attachment 1.  However, we find that the address in the [                                        ] is sufficiently close to that of Baroque Timber to indicate, in combination with the other evidence, that Baroque Timber was the exporter.  Thus, we find that record evidence supports the removal of Elegant Living from the list of non-cooperating companies because Elegant Living is not a separate company from Baroque Timber.

**IV.    COMMENTS FROM INTERESTED PARTIES**

On October 5, 2012, the Department invited interested parties to comment on the Draft Results of Redetermination Pursuant to Remand ("Draft Remand").  However, the Department did not receive any comments from interested parties on its Draft Remand.

## V.     RESULTS OF REDETERMINATION

In accordance with the Court's Remand Order, the Department has reconsidered the inclusion of Elegant Living and Eswell Enterprises on the list of non-cooperating companies, and has determined to remove Eswell Enterprise and Elegant Living from that list.

_____
Paul Piquado
Assistant Secretary
 for Import Administration


_31 OCTOBER 2012_
Date